IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RITA BUCCHERI,

    Plaintiff,

v.                                                                                                  1:17-cv-00490-LF-KK

GEICO INSURANCE COMPANY,
and JOHN or JANE DOE,

    Defendants.

## **MEMORANDUM ORDER DENYING MOTION TO BIFURCATE AND STAY**

THIS MATTER comes before the Court on defendant GEICO's Motion to Bifurcate and Stay Discovery and Proceedings as to Plaintiff's Extra-Contractual Claims, filed on June 9, 2017. Doc. 23. Plaintiff filed a response on June 22, 2017 (Doc. 33), and GEICO filed a reply on July 6, 2017 (Doc. 34). The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds the motion is not well taken, and it will be denied.

**I.    Background**

Plaintiff Rita Buccheri filed this action in the Second Judicial District Court for the State of New Mexico on April 3, 2017. Doc. 1-1 at 2–17. Defendant GEICO removed the case to this Court on April 26, 2017. Doc. 1. In her complaint, plaintiff alleges that, on November 10, 2014, another driver crashed into the front passenger side of her vehicle, then fled the scene. *Id*. at 3. At the time of the crash, plaintiff was listed as an "additional driver," insured on her son Craig Neri's uninsured/underinsured (UM/UIM) policy with GEICO. *Id.* at 2. Plaintiff alleges that, as a result of the crash, she suffered a ruptured right kidney, and incurred more than $70,000 in medical expenses. *Id.* at 3–4. Plaintiff further alleges that the other driver was solely at fault for

the crash.[1]  *Id.*at 4.  Plaintiff filed a claim with GEICO—which paid $2,358.71 on her claim for property damage, but denied her claim for personal injury damages.  Doc. 1-1 at 5–17, Doc. 33 at 2 n.3, Doc. 33-3 at 9.

In her complaint, plaintiff brings a claim for breach of contract based on the non-payment of UM benefits.  Count VIII.  Plaintiff also brings a separate claim for breach of contract.  Count V.  In addition, plaintiff brings claims under the New Mexico Unfair Practices Act, the Trade Practices and Frauds Act and the insurance code, as well as claims for insurance bad faith, and breach of the implied covenant of good faith and fair dealing.  Counts I, II, III, V. Plaintiff also asks for injunctive relief and punitive damages.  Counts VI, VII.

GEICO moves the Court to bifurcate plaintiff's extra-contractual claims (Counts I, II, III, IV, V[2], VI,VII) and to stay all discovery on these claims, pending resolution of the contract claim (Count VIII).  GEICO argues that bifurcation is appropriate for two reasons.  First, GEICO argues that plaintiff must prove she is entitled to recover damages for her UM claims under the insurance policy before her extra-contractual claims are ripe for adjudication.  Doc. 23 at 6–9.  Second, GEICO argues that bifurcation will prevent confusion and unfair prejudice to GEICO.  Doc. 23 at 9–11.

**II.     Legal Standard**

A district court's discretion in deciding whether to sever issues for trial is "broad" and "considerable."  *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999)); *Angelo v.*

---

[1] GEICO denies that plaintiff suffered any injuries or sustained any damages from the crash and, therefore, denies that it owes plaintiff UM benefits.  Doc. 23 at 2.

[2] It is unclear why GEICO characterizes plaintiff's Count V, a breach of contract claim, as an extra-contractual claim.  Given that the Court denies the motion to bifurcate and stay, the Court need not clarify this anomaly.

*Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). Federal Rule of Civil Procedure 42, which governs bifurcation in federal civil actions, permits the Court to order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo*, 11 F.3d at 964.

"Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* Moreover, bifurcation is to be decided "on a case-by-case basis" and should not be regarded as "routine." *Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 97–98 (E.D. Pa. 1990). Bifurcation under Rule 42(b) is inappropriate when it will "not appreciably shorten the trial or [a]ffect the evidence offered by the parties" because claims are inextricably linked. *F.D.I.C. v. Refco Group, Ltd.*, 184 F.R.D. 623, 629 (D. Colo. 1999). The party seeking bifurcation bears the burden of proving that it is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010).

The Court also has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). In addition, the Court may stay discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The party seeking a stay bears the burden of establishing the need for it. *Clinton*, 520 U.S. at 708.

## III. Discussion

    a. <u>Plaintiff is not required to establish breach of contract before her extra-contractual claims are ripe for adjudication</u>.

GEICO argues that plaintiff must prove that she is legally entitled to damages in order to recover under the UM portion of her policy. Doc. 23 at 6. GEICO further argues that it has the right to litigate plaintiff's UM claim before any extra-contractual claims may be brought. *Id.*[3] Plaintiff counters that "the tort of insurance bad faith is legally independent of the obligation to pay contractual claims," that "New Mexico allows bad faith claims to stand regardless of whether any contractual benefits are owed," and that "a determination of causation is not necessary before Plaintiff can establish bad faith based [on] the way GEICO handled her claims." Doc. 33 at 1, 9.

As the Honorable Magistrate Judge William Lynch recently observed, "[b]ifurcation of bad faith claims from breach of contract claims can be confusing because of the variety of contexts in which the issue can arise. . . . Further complexity arises because an insurer can act in bad faith in its handling of a first party claim for many reasons." *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1218 (D.N.M. 2016).

> An insurer can act in bad faith in its handling of a claim for reasons other than its refusal to pay a claim in full. *O'Neel*, 41 P.3d at 359. An insurer can act in bad faith by: misrepresenting pertinent facts concerning coverage under the policy; failing to timely and fairly investigate an insured's claim; failing to timely evaluate an insured's claim; exploiting an insured's vulnerable position; and unreasonable delay in notifying the insured about the status of the claim. UJI Civ. 13-1702; N.M.S.A. § 59A-16-20 (1978). These are only a few of the ways an insurer can act in bad faith: unreasonable claims practices "encompass[ ] all

---

[3] GEICO cites *Burge v. Mid-Continent Cas. Co.*, in which the New Mexico State Supreme Court stated that allowing the insurer "its day in court to litigate its contract defenses is especially important in light of [the insured's] other claims against [the insurer], including claims for bad faith and punitive damages." 1997-NMSC-009, ¶ 20, 123 N.M. 1, 7. *Burge* is distinguishable from this case. The Court in *Burge* made the statement above in holding that an insurer is not bound by a default judgment in a separate lawsuit between the insured and the uninsured motorist, a situation not present in the instant case. *Id.* ¶ 2.

4

> varieties of insurer knavery, from minor carelessness to malice." Stephen S. Ashley, Bad Faith Actions Liability & Damages § 5:6 (2d ed.).

*Id.* at 1219; *see also Dellaira v. Farmers Ins. Exhc.*, 2004-NMCA-132, ¶¶ 5, 14–16, 136 N.M. 552 (insureds had bad faith claim against third party handling claims for insurer even when a jury previously determined no breach of insurance contract). In *Willis v. GEICO*, Civ. No. 13-280 KG/KK, Doc. 100 at 6 (D.N.M. June 17, 2015), the court denied GEICO's motion to bifurcate, reasoning as follows:

> Plaintiffs' bad faith claims concerning quality or quantity of services, untimeliness, and dishonesty are for "reasons other than [GEICO's] refusal to pay" Plaintiffs' claim in full. Those bad faith claims are distinct and independent from Plaintiffs' claim that GEICO refused to pay Plaintiffs' claim in full, the basis for Plaintiffs' contract claims. Accordingly, the bad faith claims are not contingent on the contract claims. GEICO has, therefore, failed to demonstrate that bifurcation is warranted for that reason.

*See also Martinez v. State Farm Mutual Automotive Insurance Co.*, 16cv1029 WJ/LF, Doc. 27 at 6 (D.N.M. March 27, 2017) (finding bifurcation inappropriate where some of plaintiff's extra-contractual claims arose for reasons other than insurer's failure to pay).

In her complaint, plaintiff alleges that GEICO acted in bad faith not only by refusing to pay her claim in full, but also by misrepresenting the amount of benefits available under the policy, and by denying there was stacked UM/UIM coverage under the policy (Doc. 1-1 at 9); by failing to timely resolve her claim, and by failing to timely communicate (Doc. 1-1 at 11). In addition, plaintiff alleges that defendant failed to timely investigate and evaluate her claim, and failed "to promptly provide [her] with a reasonable explanation of the basis" for denying her claim. Doc. 1-1 at 11–12.

Because plaintiff alleges more than a bad faith failure to pay, not all of plaintiff's extra-contractual claims are dependent on her contractual claims.[4] Also because plaintiff alleges more than "a bad faith failure to pay claim," defendant's reliance on *Aragon v. Allstate*, 185 F .Supp. 3d 1281 (D.N.M. 2016) and *Ortiz*, 207 F. Supp. 3d 1216, is misplaced. Both of these cases stand for the narrow proposition that to recover on a bad faith failure to pay claim, plaintiffs must first prove that they are "legally entitled to recover damages." *Ortiz*, 207 F. Supp. 3d at 1220 ("*Aragon* was a bad faith failure to pay claim because it was a dispute over the value of Ms. Aragon's UIM claim. Ms. Aragon did not allege that Allstate failed to properly investigate her claim, unreasonably delayed notifying her about the status of her claim, or did other acts that would breach its duty to deal fairly with her.")[5]

      b. <u>Bifurcation is not necessary to prevent confusion and unfair prejudice to GEICO</u>.

GEICO argues that even if the Court does not find that resolution of the UM claim is a "formal condition precedent" to addressing the extra-contractual claims, "bifurcation is proper as a practical matter." Doc. 23 at 5. GEICO further argues that allowing plaintiff to litigate her extra-contractual claims simultaneously with her contractual claims will result in "unfair prejudice, jury confusion, and [a] massive waste of resources." *Id.* at 9. Plaintiff counters that bifurcation would waste time and resources by requiring parties to restart discovery after

---

[4] Even if the claims were dependent, bifurcation is not mandated. "[T]he fact that a determination of the coverage issue would be dispositive of the remaining claims does not mandate bifurcation." *Christy v. Travelers Property and Casualty Insurance Co.*, Civ. No.13cv281 WJ/LFG, Doc. 21 at 4 (August 29, 2013). "Even where claims are dependent on one another, bifurcation is not appropriate where 'both claims rely on the same factual underpinnings and are therefore not separable.'" *Id.* (citing *Crespin v. State Farm*, Civ. No. 10cv881 MCA/WDS, Doc. 51 at 16 (July 12, 2011) (holding that bifurcation was inappropriate even though the bad faith claim was dependent on the contract claim).

[5] *Charter Servs., Inc. v. Principal Mut. Life Ins. Co.*, 1994-NMCA-007, ¶ 9, 117 N.M. 82 stands for the same narrow proposition: "the concept of bad faith failure to pay in the insurance context does not arise unless there is a contractual duty to pay under the policy".

causation is determined, and by requiring two separate trials. Doc. 33 at 9. The Court finds that judicial economy is best served by allowing plaintiff to proceed with all of her claims simultaneously, and by denying the motion to bifurcate.

Bifurcation under Rule 42(d) is inappropriate where the evidence to be presented against the parties is inextricably linked. *See FDIC*, 184 F.R.D. at 629. Plaintiff asserts that at least five witnesses in this case will need to be deposed about undisputed material facts that relate to both causation and GEICO's bad faith. Doc. 33 at 5. Plaintiff explains that "the GEICO adjusters and doctors evaluating Plaintiff's injuries will need to be deposed with respect to both Plaintiff's contractual and extra-contractual issues, and a substantial portion of the testimony from these witnesses will be relevant for at least some elements on all issues." *Id.* at 7–8. The Court agrees that the contractual and extra-contractual claims are sufficiently intertwined to permit simultaneous discovery and, ultimately, trial of the claims.

The Court is not convinced that allowing the claims to proceed simultaneously creates a substantial risk of juror confusion. As the Honorable District Judge Kenneth Gonzales stated, "Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case. Sufficiently clear jury instructions, including limiting instructions, and clear arguments by counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice." *Willis*, Civ. No. 13-280 KG/KK, Doc. 100 at 9.[6]

---

[6] Defendants argue that *Hovet* requires this Court to hold bad faith claims based on a failure to settle until after the conclusion of the underlying negligence action. Doc. 23 at 9–10 (citing *Hovet v. Allstate Insurance Co.*, 2004-NMSC-010, ¶ 6, 135 N.M. 397, 89 P.3d 69). However, the holding in *Hovet* was explicitly limited to third-party bad faith claims. *Id.* at ¶ 26. The concern in *Hovet* about a third-party claimant attempting to "sue both the insured and the insurer in the same lawsuit" and the "potential confusion" that might arise in such a situation, is simply not an issue here. *Id.* at ¶¶ 25–26.

7

GEICO argues that it will be unfairly prejudiced if the case is not bifurcated because it will have to respond to "consuming and invasive discovery," and because attorney Ripley Harwood will have to recuse himself from the case. The Court does not agree that GEICO will be prejudiced by producing discovery on the extra-contractual claims. GEICO can address any concerns about producing privileged communications through a confidentiality order, or by filing a discovery motion if appropriate. Finally, GEICO argues that it will be prejudiced by the recusal of Mr. Harwood if the claims are not bifurcated. Doc. 34 at 4–7. GEICO states that attorney Harwood reviewed the claims file shortly before the September 28, 2016 mediation, and consulted a physician, Dr. Davis, for a third opinion about the cause of plaintiff's kidney injuries. *Id.* at 3. Dr. Davis provided Mr. Harwood with an oral opinion that plaintiff suffered no acute injury to her kidney during the crash. *Id.* GEICO argues that because Mr. Harwood is the only person who can testify about the communications between himself, Dr. Davis and GEICO, Mr. Harwood will become a material witness who will have to recuse himself from this case if all of the claims proceed together. Doc. 34 at 4–5 (citing New Mexico Rule of Professional Conduct Rule 16-307(A)). The Court must balance this potential prejudice against the prejudice of unreasonable delay that bifurcation would cause to plaintiff, and the inconvenience to the Court. Balancing the equities, the Court finds that bifurcation is not appropriate in this case.

**IV.    Conclusion**

GEICO has not convinced the Court that bifurcation of this case under Rule 42(b) is clearly necessary. Without bifurcation of the case, there is no need to stay discovery on the extra-contractual claims. Consequently, the Court denies the Motion to Bifurcate and Stay.

IT IS ORDERED that defendant GEICO's Motion to Bifurcate and Stay Discovery and Proceedings as to Plaintiff's Extra-Contractual Claims (Doc. 23) is DENIED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent