IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RITA BUCCHERI,

      Plaintiff,

v.                                           1:17-cv-00490-LF-KK

GEICO INSURANCE COMPANY,
and JOHN or JANE DOE,

      Defendants.

## ORDER DENYING MOTION TO DISQUALIFY COUNSEL

THIS MATTER comes before the Court on Plaintiff's Opposed Motion to Disqualify one

of GEICO's Counsel, filed on November 2, 2017.  Doc. 83.  Defendant GEICO filed a response

on November 16, 2017 (Doc. 91), and plaintiff filed a reply on December 4, 2017 (Doc. 97).

The Court, having reviewed the parties' submissions and the relevant law, and being otherwise

fully advised, finds the motion is moot, and it will be denied.

In her motion, plaintiff asks the Court to disqualify defendant's attorney Ripley B.

Harwood.  *See* Doc. 83.  Plaintiff does not cite any legal grounds for disqualification in the

argument section of her motion.  *Id.*  In the background section, plaintiff quotes GEICO's

discussion of disqualification from its reply to the Motion to Bifurcate (Doc. 34), which cited

New Mexico Code of Professional Conduct Rule 16-307(A).  Defendant GEICO argues that

plaintiff's motion to disqualify Mr. Harwood is moot, because GEICO already has hired new

trial counsel, and Mr. Harwood intends to withdraw before trial.  Doc. 91 at 2, 6.  I agree.

The only legal authority for disqualification even mentioned in plaintiff's motion, New

Mexico Rule of Professional Conduct 16-307(A), states only that a "lawyer shall not act as

advocate <u>at a trial</u> in which the lawyer is likely to be a necessary witness."  Since Mr. Harwood

intends to withdraw from this case before trial, plaintiff's motion for disqualification is moot. I

do not address the issue of whether the attorney-client privilege has been waived, whether

plaintiff should be allowed to depose Mr. Harwood, or whether Mr. Harwood should be removed

prior to the close of discovery. Plaintiff cites no legal authority for these issues, and they are not

properly before the Court on this motion.[1]

Defendant GEICO filed a motion to strike plaintiff's reply because it was filed more than

14 days after the response, and no extension of time was sought or granted. Doc. 99. Plaintiff

filed her reply on December 4, 2017—four days after the deadline. Doc. 97. Plaintiff states that

she mistakenly calendared the deadline by adding three days to the 14-day deadline. Doc. 97 at

1 n.2. As plaintiff acknowledges, the federal rules were amended in 2016 to no longer allow for

three additional days when service is accomplished electronically. *Id.*, *see also* FED. R. CIV. P.

6(d). The local rules, however, have not been amended to reflect this change. Under

D.N.M.LR-Civ. 5.1(a), "[e]lectronic service is complete on transmission and is equivalent of

service by mail . . . ." Given the current ambiguity in the local rule, the Court will accept

plaintiff's reply as timely. The Court will not, however, address whether Mr. Harwood should

be excluded from Dr. Davis's upcoming deposition, as this issue was raised for the first time in

the reply. Because the Court does not address this issue, the Court denies defendant's request to

file a surreply.[2]

---

[1] A motion must "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). A motion must also "cite authority in support of the legal position advanced." D.N.M.LR-Civ. 7.3.

[2] The Court notes, however, that plaintiff relies on FED. R. EVID. 615 to seek to prevent Mr. Harwood from being present at Dr. Davis' deposition. Doc. 97 at 4–5. Rule 615 does not apply to depositions. FED. R. CIV. P. 30(c)(1).

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Opposed Motion to Disqualify One of GEICO's Counsel (Doc. 83) is

   DENIED AS MOOT.

2. Defendant's Motion to strike Plaintiff's Reply (Doc. 99) is DENIED.


_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent